Richardson, J.
I concur in the result of this case. The verdict was founded in erroneous views of the duty of the pawnees of the scrip, upon this point of the case. They were not bound to advance money, in order to raise the value of the scrip, or to render it marketable. But when the note became due, on the 2d March, ’42, the pledge was forfeited by the non-payment of the note, and the bank was bound, as pawnees, to sell it for what it would bring, be it more or less, and credit the defendants with the amount of the nett sales; and if they waited until the pawn became worthless, by its forfeiture to the Rail Road Company, the loss, if any, must fall upon the pawnees. The pawn was forfeited to the plaintiffs on the 2d of March, ’42, and the *342 scrip was to be absolutely forfeited on the first of April following. Surely the pawnees were bound to sell it in time to prevent a total loss.
So much comes within the general principle; that the pawnee must take all due care of the pawn, and not let it perish for want of ordinary care. Story’s Baill. ch. 5, p. 120, 229, 332-3, 346, 357.
Thus, then, although the plaintiffs were not bound to advance money, in order to enable the defendants to pay the note, for this would be to require the creditor, not the debtor, to pay ; yet the moment the pawn was forfeited by the dishonor of the note, it became part of the bailment, not only to keep and preserve, but also to render it available, according to its nature and kind, otherwise it is not preserved, but perishes. Had it been a horse, or a piece of goods, subject to deterioration from time, it must have been sold, or the pawnee liable for the market value at the time. If then, the scrip was worth any thing at the time, being subject soon after to failure, the pawnees, although not bound to advance money to prevent such forfeiture, were assuredly bound to sell it before it entirely perished, or bear the loss themselves, pro tanto. So far, and to this limited liability of the bank, the argument and law of the presiding Judge, however misapplied to a more extended liability, predicated on the rise of the scrip, amounts, in my opinion, to convincing demonstration. And the jury were rightly instructed in this respect, that whatever the scrip could have sold for at the time the note became due, or between that and the first of April, constitutes a legal discount to the note, to be assessed by them, upon evidence of the market value during that time. For what other purpose could the blank indorsement on the scrip, and its deposit, have been made"? It was identical with the condition of a stock note. Can such instruments mean only that the scrip, like a piece of furniture, shall not be destroyed 1 But then it may be kept inactive till it perishes; and when, too, the day of its final demise was fixed, and the defendants had transferred all power to act. Such cannot be the meaning of the diligence required of the pawnee receiving such a pledge or bailment.
*343 The subject matter of the pawn must always point out the care to be taken. A horse must be fed and curried. A cow must be milked. But a note must be collected, or the pawn must be kept available to its peculiar use. Then, surely, after forfeiture, a pawn, cotton or scrip, must be sold especially so, if the pawnee be assured that the market will absolutely terminate on a fixed day, which was the case with the scrip in question. It was worth something till the first day of April; but on the second, it was to be worthless, except to enure to the gain of the plaintiffs and the Rail Road Company.
I would put the question on the general principles of such bailments. But, it does not lessen the force of the argument, that the plaintiffs had an interest in the forfeiture of the scrip to the rail road company, on the 2d of April. Such forfeiture was sure gain to both companies; and the stockholders are the same persons, and have one interest in the two.
This view was used by the Judge, to bear out the proposition that the pawnees were liable for not paying money to advance the value of the scrip. But assuredly, it has weight in the one I have urged, that the plaintiffs were liable for neglecting to sell the scrip before it was absolutely forfeited to the rail road company, in April. Upon the whole case, then, a new trial should be ordered, for error in one position. In the rest, the Judge was right.